1 | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
GREGG A. FISCH, Cal. Bar No. 214486
2 | gfisch@sheppardmullin.com
JASON P. BROWN, Cal. Bar No. 296688
3 | jpbrown@sheppardmullin.com
1901 Avenue of the Stars, Suite 1600
4 | Los Angeles, California 90067-6055
Telephone:  310.228.3700
5 | Facsimile:   310.228.3701

6 | Attorneys for Defendant
WELLS FARGO BANK, N.A.
7

8

9 | UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION
10

11

| | |
|---|---|
| PATRICIA ANNE T. SAMSON, an Individual, | Case No. _____ |
| | [LASC Case No. BC 621 218] |
| Plaintiff, | **DEFENDANT WELLS FARGO BANK, N.A.'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446 (DIVERSITY JURISDICTION)** |
| v. | |
| WELLS FARGO BANK, N.A., a South Dakota Corporation; and DOES 1 through 100, Inclusive, | |
| Defendants. | Complaint Filed: May 20, 2016 |

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-1-
WELLS FARGO'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

1  **TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL**
2  **DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER COUNSEL**
3  **OF RECORD:**

4      **PLEASE TAKE NOTICE** that, Defendant Wells Fargo Bank, N.A., hereby
5  removes the above-entitled action from the Superior Court of the State of California
6  in and for the County of Los Angeles, to the United States District Court for the
7  Central District of California.  This Court has original subject matter jurisdiction
8  over Plaintiff's lawsuit under 28 U.S.C § 1332(a) because complete diversity exists
9  and the amount in controversy exceeds $75,000.  Accordingly, removal is proper
10  based on the following grounds:

11                                           **BACKGROUND**

12      1.    On or about May 20, 2016, Plaintiff Patricia Anne T. Samson
13  ("Plaintiff") filed a Complaint against Defendants Wells Fargo Bank, N.A. ("Wells
14  Fargo") in the Superior Court of the State of California, County of Los Angeles,
15  Case No. BC621218 (the "Complaint").  A true and correct copy of the Complaint is
16  attached hereto as **Exhibit "A."**

17      2.    The Complaint purported to assert claims for relief arising out of
18  Plaintiff's employment with Wells Fargo and the termination thereof.  Specifically,
19  Plaintiff brings claims for (1) Discrimination in Violation of FEHA – A. Physical
20  Disability, B. Age, C. Gender, D. National Origin; (2) Wrongful Termination in
21  Violation of Public Policy; (3) Retaliation in Violation of Public Policy; (4) Failure
22  to Accommodate.

23                         **TIMELINESS OF REMOVAL**

24      3.    On June 2, 2016, Plaintiff served Wells Fargo with a summons and
25  copy of the Complaint.  A true and correct copy of the Summons is attached hereto
26  as **Exhibit "B."**

27      4.    On June 30, 2016, Wells Fargo answered the Complaint in state court.
28  A true and correct copy of the Answer is attached hereto as **Exhibit "C."**

1    5.    This Notice of Removal is timely as it is filed within thirty (30) days of
2  the first receipt by a defendant of a copy of a paper (in this case, the Complaint) that
3  revealed this case was properly removable.  28 U.S.C. § 1446(b).

4              **DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332(a)**

5    6.    **Plaintiff's Citizenship:**  Plaintiff alleges, and Wells Fargo is informed
6  and believes, that Plaintiff is and at all times since the commencement of this action
7  has been, a citizen and resident of the State of California.[1]  To establish citizenship
8  for diversity purposes, a natural person must be both (a) a citizen of the United
9  States and (b) a domiciliary of one particular state.  *Kantor v. Wellesley Galleries,*
10 *Ltd.,* 704 F.2d 1088, 1090 (9th Cir. 1983).  Residence is *prima facie* evidence of
11 domicile.  *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).
12 Wells Fargo is informed and believes, and on that basis alleges, that Plaintiff was
13 domiciled in California while she worked for Wells Fargo in California.  Plaintiff
14 therefore is, or was at the institution of this civil action, a citizen of California.

15   7.    **Wells Fargo's Citizenship:**  Wells Fargo Bank, N.A., is not a citizen
16 of California.  Plaintiff's claims arise from her employment with Wells Fargo.
17 Pursuant to 28 U.S.C. § 1348, Wells Fargo, as a national banking association, is a
18 citizen of the state where its main office is "located."  Wells Fargo, with its main
19 office located in Sioux Falls, South Dakota, is a citizen of South Dakota.  *See Rouse*
20 *v. Wachovia Mortgage, FSB*, 747 F.3d 707, 711 (9th Cir. 2014) (holding that "Wells
21 Fargo is a citizen only of South Dakota, where its main office is located").
22 Accordingly, Wells Fargo Bank, N.A., is only a citizen of South Dakota, not
23 California, for diversity purposes.  Thus, complete diversity exists here.

24   8.    **Doe Defendants:**  Pursuant to 28 U.S.C. § 1441(a), the Court should
25 disregard the residence of fictitious and unknown defendants for purposes of

26 ───────────────
   [1]    The Complaint alleges that "Plaintiff [] is currently, and has been, a resident
27 of the County of Los Angeles, State of California at all relevant times."  Complaint,
28 ¶ 5.

1  establishing removal jurisdiction under 28 U.S.C. § 1332. *Fristos v. Reynolds*
2  *Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not
3  required to join in a removal petition). Thus, the existence of Doe Defendants 1
4  through 100, inclusive, does not deprive this Court of jurisdiction.

5  **AMOUNT IN CONTROVERSY EXCEEDS $75,000**

6      9.      This action is a civil action between citizens of different states and the
7  amount in controversy exceeds $75,000, exclusive of interest and costs, and,
8  accordingly, this Court has original jurisdiction under 28 U.S.C. § 1332(a).

9      10.      "[A] defendant's notice of removal need include only a plausible
10  allegation that the amount in controversy exceeds the jurisdiction threshold." *Dart*
11  *Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014). *Dart*
12  *Cherokee* explains that a removal petition is a pleading and, as a result, the
13  allegations stated in the removal do not need to be supported by extrinsic evidence.
14  In addition, Wells Fargo is not obliged to "research, state, and prove the plaintiff's
15  claims for damages." *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377
16  (9th Cir. 1997). Wells Fargo can establish the amount in controversy by the
17  allegations in the Complaint, or by setting forth facts in the notice of removal that
18  demonstrate that the amount placed in controversy by Plaintiff exceeds the
19  jurisdictional minimum. *Id.* at 377.

20      11.      **Alleged Lost Past and Future Earnings:** Plaintiff alleges that, as a
21  result of Wells Fargo's conduct, she "lost, and will continue to lose, income and
22  benefits, in an amount to be proven at trial."[2] At the time of Plaintiff's separation of
23  employment from Wells Fargo in December 2014, Plaintiff earned approximately
24  $100,000.00 per year as a Portfolio Manager.[3] Plaintiff makes no allegation in her
25  Complaint that she has found other work, let alone work that pays the same

26  _____

27  [2]      Complaint ¶¶ 27, 33, 39, 48, and Prayer for Relief ¶ 2.
28  [3]      Complaint ¶ 15.a.

1 | compensation that she previously received at Wells Fargo.  Therefore, assuming it
2 | takes approximately one year by the time this matter is resolved by trial, Plaintiff's
3 | claimed lost earnings will be approximately $258,333.33 (this amount does not
4 | include any front pay that could be awarded by the jury if Plaintiff were to prevail at
5 | trial).

6 |       12.   **Emotional Distress Damages:**  In addition, Plaintiff alleges that, as a
7 | result of Wells Fargo allegedly discriminating and retaliating against, refusing to
8 | accommodate, and wrongfully terminating her, she "has become mentally upset,
9 | distressed and aggravated and has suffered, and will continue to suffer, humiliation,
10 | embarrassment and mental and/or emotional distress."[4]  The Court must consider
11 | these alleged damages in determining whether the amount in controversy
12 | requirement has been established.  *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976,
13 | 980 (9th Cir. 2005).  Further, a defendant may use damage awards in other cases to
14 | establish that the amount in controversy exceeds $75,000.  *See Simmons v. PCR*
15 | *Tech.*, 209 F.Supp.2d 1029, 1033 (N.D. Cal. 2002).  Juries in California have
16 | awarded well in excess of $75,000 for emotional distress damages in a wrongful
17 | termination case like this one.  *See, e.g., Wang v. Reese Scientific Corp.*, San
18 | Francisco Superior Court, Case No. CGC-13-528233 (awarding plaintiff $166,302
19 | for emotional distress damages on claims including discrimination and wrongful
20 | termination); *Stallworth v. City of Los Angeles*, Los Angeles Superior Court, Case
21 | No. BC341480 (awarding $100,000 in emotional distress damages on race
22 | discrimination and retaliation claims).  Thus, if Plaintiff is able to prove her claims
23 | at trial, it is reasonable to conclude that Plaintiff will seek, and a jury may award, in
24 | excess of $75,000 for emotional distress damages.  Accordingly, the amount in
25 | controversy here clearly exceeds $75,000.

26
27 |  _____
28 | [4]    Complaint ¶¶ 28, 34, 39, 48, and Prayer for Relief ¶ 1.

SMRH:478039401.2 | WELLS FARGO'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

13.   **Attorneys' Fees:** The Complaint also alleges that Plaintiff is entitled to recover attorneys' fees.[5]  Requests for attorneys' fees should be taken into account in ascertaining the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for attorneys' fees are to be included in amount in controversy, regardless of whether award is discretionary or mandatory). If Plaintiff litigated this case through trial and prevailed, it is reasonable to assume that Plaintiff could recover more than $100,000 in attorneys' fees.

14.   **Punitive Damages:** The Complaint also alleges that Plaintiff is entitled to recover punitive damages.[6]  The Court should consider punitive damages when determining the amount in controversy. *See Simmons*, 209 F.Supp 2d at 1033 (recognizing that jury verdicts in other similar cases in California "amply demonstrate the potential for large punitive damage awards in employment discrimination cases.").

15.   Based on the foregoing, there is ample evidence that the amount in controversy, based on the totality of Plaintiff's claims and prayer for relief, significantly exceeds $75,000.

## VENUE

16.   Venue lies in the Central District of California pursuant to 28 U.S.C. §§ 1441, 1446(a), and 84(c)(2).  Plaintiff alleges that the actions that give rise to her Complaint took place in the County of Los Angeles, California.[7]  Additionally, Plaintiff originally brought this action in the Superior Court of the State of California, County of Los Angeles.

---

[5]   Complaint ¶¶ 29, 41, 49, Prayer for Relief ¶ 5.

[6]   Complaint ¶¶ 30, 35, 42, 50, Prayer for Relief ¶ 4.

[7]   Complaint ¶ 4.

## NOTICE OF REMOVAL

17.  This Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California in and for the County of Los Angeles.

18.  In compliance with 28 U.S.C. § 1446(a), true and correct copies of all "process, pleadings, and orders" from the state court action served on Wells Fargo or filed by Wells Fargo are attached hereto as the following exhibits, including the Complaint (Exhibit A), Summons (Exhibit B), and Answer to Complaint (Exhibit C).

**WHEREFORE**, Wells Fargo requests that the above action pending before the Superior Court of the State of California for the County of Los Angeles be removed to the United States District Court for the Central District of California.

Dated:  July 1, 2016

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By   _____/s/ Gregg A. Fisch_____
GREGG A. FISCH
JASON P. BROWN
Attorneys for Defendants
WELLS FARGO BANK, N.A.

SMRH:478039401.2                    WELLS FARGO'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

1

## PROOF OF SERVICE

2

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3      At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is

4   1901 Avenue of the Stars, Suite 1600, Los Angeles, CA 90067-6055.

5      On July 1, 2016, I served true copies of the following document(s) described as **DEFENDANT WELLS FARGO BANK, N.A.'S NOTICE OF REMOVAL OF**

6   **ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446 (DIVERSITY JURISDICTION)** on the interested parties in this action as follows:

7

**See Attached Service List**

8

9      ☒**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar

10   with the firm's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the

11   ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing

12   occurred.

13      ☐**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address cgreen@sheppardmullin.com to the persons at

14   the e-mail addresses listed in the Service List. The document(s) were transmitted at _____ a.m./p.m. I did not receive, within a reasonable time after the transmission, any

15   electronic message or other indication that the transmission was unsuccessful.

16      ☐**BY OVERNIGHT DELIVERY:** I enclosed said document(s) in an envelope or package provided by Overnight Delivery and addressed to the persons at the addresses

17   listed in the Service List. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of Overnight Delivery or delivered

18   such document(s) to a courier or driver authorized by Overnight Delivery to receive documents.

19

20      I declare under penalty of perjury under the laws of the United States of America California that the foregoing is true and correct and that the service was made at the direction of a member of the bar of this Court.

21

22      Executed on July 1, 2016, at Los Angeles, California.

23

24                                          Camille M. Green

25

26

27

28

1                                    **SERVICE LIST**

2

3

4 Victor L. George
   Wayne C. Smith
   LAW OFFICES OF VICTOR L. GEORGE

5 20355 Hawthorne Boulevard, First Floor
   Torrance, CA 90503

6 Telephone:  310-698-0990
   Facsimile:  310-698-0995

7 Email:  vgeorge@vgeorgelaw.com

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SMRH:478312787.1                          -2-