Victor L. George, State Bar No. 110504
Wayne C. Smith, State Bar No. 122535
LAW OFFICES OF VICTOR L. GEORGE
20355 Hawthorne Blvd, First Floor
Torrance, California 90503
Telephone:   (310) 698-0990
Facsimile:   (310) 698-0995
E-mail:      vgeorge@vgeorgelaw.com
             wsmith@vgeorgelaw.com

Attorneys for Plaintiff,
PATRICIA ANNE T. SAMSON

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA ANNE T. SAMSON,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, NATIONAL ASSOCIATION, a business, form unknown; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE No. CV-16-04839 GW (AGRx)<br>[Assigned to the Hon. George H. Wu, Courtroom 9D]<br><br>**DECLARATION OF WAYNE C. SMITH IN SUPPORT OF REPLY RE MOTION FOR ATTORNEYS FEES**<br><br>[Filed concurrently with:<br>1. Plaintiff's Reply in Support of Motion for Attorneys Fees;<br>2. Declaration of Stuart Esner, Esq.;<br>3. Declaration of Andrew Chang, Esq.;<br>4. Declaration of Kevin Nguyen, Esq.]<br><br>Date:   March 29, 2021<br>Time:   8:30 a.m.<br>Crtrm:  9D<br><br><br>Complaint filed: May 20, 2016<br>Trial Date:   March 10, 2020 |

///

///

///

1

DECLARATION OF WAYNE C. SMITH

I, Wayne C. Smith, declare:

I am an attorney at law, duly licensed to practice law in all of the Courts of the State of California and the United States District Court for the Central District of California. I am a partner in the Law Offices of Victor L. George, attorneys for Plaintiff. I have personal knowledge of the matters stated herein. If called as a witness, I could and would testify truthfully and competently thereto under oath.

1. The Defendant has attached the declaration of it's so-called expert, Andre Jardini, Esq. However, a review of Mr. Jardini's track history reveals that over the years, Mr. Jardini has developed a cottage industry of serving as an expert for the Sheppard Mullin firm when its clients lose at trial and are faced with a fee award. See, *Taylor v. Long Beach Memorial Hospital* 2014 WL 1255314; *Stathakos v. Columbia Sportswear Company* 2018 WL 1710075; *In Re Taco Bell* 2016 WL 3179889; *De La Cruz v. CAL-Pac Sonoma, LLC* 2013 WL 782283. A true and correct copy of the Declaration of Richard M. Pearl, dated July 10, 2019 filed in the case titled *Sheik Moinuddin v. State of California, Department of Transportation*, LASC Case No. BC656161, is attached hereto as **Exhibit 1.**

2. In 2016, in the matter entitled *Erhart v. BOFI Holding Inc*, Case No. 15-cv-2287 - BAS-NLS, Sheppard Mullin represented the defendants and submitted the declaration of one of Mr. Kaufman's partners in connection with a motion for sanctions. In her declaration, Polly Towill, Esq.,a Sheppard Mullin partner declared:

> "Alison N. Kleaver was the lead associate who prepared this motion. Ms. Kleaver spent over 50 hours researching, preparing and revising this motion, consulting with the forensic computer experts, other associates who provided research assistance and the client, and preparing and revising the supporting declarations and evidence. Her billing rate for this matter is $555 per hour . . . My Billing rate is $650 per hour." Towill Decl., ¶5

A true and correct copy of the Declaration of Polly Towill, dated February 19, 2016 is attached as **Exhibit 2.**

3. Mr. Jardini, like Sheppard Mullin, is guilty of the same subterfuge of hiding their hourly rates. In 2010, in the matter entitled *Silva v. Getronics NV*, LASC

2

Case No. BC368049, Mr. Jardini submitted a declaration in support of a class settlement, requesting attorneys fees of $550 per hour.  A true and correct copy of the Declaration of Andre Jardini, dated April 13, 2010 is attached as **Exhibit 3.**

4.      A year later in 2011, in *Rafales v. M/S Eurodam,* USDC Case No. CV-10-4845 AHM (AJSx), seeking an hourly rate of $675 - an increase of $125 in a year! A true and correct copy of the Declaration of Andre Jardini, dated May 13, 2011 is attached as **Exhibit 4.**

5.      In 2012, Mr. Jardini submitted a declaration in *Augustus v. American Commercial Security Services*, LASC Case No. BC336416, seeking an hourly rate of $753.  A true and correct copy of the Declaration of Andre Jardini, dated August 30, 2010 is attached as **Exhibit 5.**

6.      In short, **nine (9) years ago** in 2012 Jardini claimed fees of $753 - $153 per hour and $253 per hour more than he declares is the appropriate hourly rate for Plaintiff's trial counsel, Mr. George and I, respectively.  Given the intervening eight (8) years one can only assume his hourly rate is over and above the $1,050 and $825 sought by our office![1]

7.      In his initial declaration in the *Moinuddin* Matter, Mr. Pearl set forth the partner and associate rates quoted in the text from firms such as Boiles, Schiller & Flexner, Gibson, Dunn & Crutcher, Altshuler Berzon LLP, Arnold Porter LLP, Cooley LLP, Covington & Burling and many others that all support the requested hourly rates. A true and correct copy of the Declaration of Richard M. Pearl, dated May 14, 2019 is attached hereto as **Exhibit 6.**

8.      With respect to the fees of Ms. Duffy, even though the Court ruled that Ms. Duffy could not testify as an expert, Plaintiff is still entitled to recover her expert witness fees.  The standard to apply is whether a "reasonable and prudent lawyer"

[1] Fee expert Richard M. Pearl, Esq., submitted in 2019 in *Moinuddin v. State of California*, LASC Case No. BC656161, states that, since 2014, firms have been raising their hourly rates 2-5% annually. Pearl Suppl. Decl.,¶ 15

3

would have undertaken the work to "advance or protect [the] client's interest in the pursuit of a successful recovery". See *Moore v. Jas. H. Matthews & Co.*, 682 F.2d 830, 839 (9th Cir.1982).

9.     Accordingly, the appropriate frame of reference is the time the expenses were incurred.  In *Callicrate v. Farmland Industries, Inc.* 139 F.3d 1336, 1340 ( 10th Cir. 1998), the Court of Appeal held:

> It would therefore be inequitable to essentially penalize a party who happens to prevail on a dispositive motion by not awarding costs associated with that portion of discovery which had no bearing on the dispositive motion, but which appeared otherwise necessary at the time it was taken for proper preparation of the case. We will not, therefore, attempt to employ the benefit of hindsight in determining whether an otherwise taxable item was necessarily obtained for use in the case. Rather, we hold that such a determination must be made based on the particular facts and circumstances at the time the expense was incurred. 139 F.3d at 1340.

See also, *Michelson v. Camp* (1999) 72 Cal.App.4th 955 (non-testifying expert fees recoverable); *Bates v. Presbyterian Intercommunity Hospital, Inc.* (2012) 204 Cal.App.4th 210, 222 ("Although the statute refers to expert witnesses, courts have recognized that 'section 998... covers the cost of experts who aid in the preparation of the case for trial, even if they do not actually testify.' (Citation omitted)."

10.     Mr. Jardini takes no position on fees incurred with respect to Ms. Duffy's fees.[2]  Since he has no authority disallowing these fees, they should be compensable.

11.     The Defense counsel attacks Ms. Duffy as an "alleged" expert. However, Ms. Duffy's CV includes fifteen (15) pages listing approximately 200 books, videos, articles, public seminars, and academic presentations that Ms. Duffy has written or presented as a management practice expert. The topics run the gamut of the

---

[2] In his Supplemental Declaration, Mr. Pearl notes that in auditing bills, "The standard is reasonableness, not perfection.  With 20/20 hindsight, it is easy to identify departures from some theoretical idea of how a project should have been managed. Efforts that appeared to be reasonable at the time may turn out to have been unnecessary . . . Charges are unreasonable only when departures from the norm are persistent, pervasive or substantial." Pearl Supplemental Decl.,¶44.

4

DECLARATION OF WAYNE C. SMITH

employment field but include topics such as workplace investigations, current employment trends, decisions in the employment area,, human resources responsibilities, corporate whistleblowing, conducting retaliation investigations.

12. Ms. Duffy's list of trial and/or deposition numbers 220 matters where she has testified as an expert in State and Federal Courts, including *Mackey v. Helinet* LASC Case No. BC528671 in which Shepard Mullin was involved. A true and correct copy of a List of Expert Witness Testimony by Jan Duffy is attached as **Exhibit 7.**

13. Finally Defendants shockingly resort to unapologetically violating the California's mediation privilege pursuant to *Evidence Code* §1119. Compounding that violation Defendant then mistakenly asserts that FRE 408 controls and cite inapposite case law to improperly claim that Plaintiff could have settled at mediation in 2019 for the same $500,000 it received at trial, exclusive of attorneys fees. (Opp., 16-17:18-20.).

14. However, there is no evidence to support that claim as the only offer ever made by Defendant was for $15,000 during the December 2019 mediation. At no point was an offer of $500,000 ever made. Thus, any such claims are false and moreover should be disregarded out of hand for the egregious violation of the mediation privilege. A true and correct copy of the Mediation / Confidentiality Agreement dated December 27, 2019 is attached as **Exhibit 8.**

15. The judgment was entered on March 10, 2020. Following the end of trial, the Defendant filed a JMOL motion attacking the $400,000 in punitive damages awarded by the jury. Between March 23, 2020 when the motion was filed, the parties submitted numerous briefs and pleadings. The Court ultimately ruled on the motion, granting the motion as to the punitive damages. Regardless, Plaintiff's are still entitled to the attorneys fees incurred in opposing the motion because regardless, is still the prevailing party. Mr. George incurred 31.7 hours (x $1,050 = $33,285). I incurred 49.9 hours (x $825 = $41,167) for a total of $74,452. No multiplier is being requested for the post trial time incurred by either Mr. George or myself Attorneys' billing from

March 23, 2020 to February 8, 2021 is attached hereto as **Exhibit 9**.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. Executed this 12th day of February 2021, at Torrance, California.

/s/ *Wayne C. Smith*
_____
WAYNE C. SMITH
Declarant

6