# EXHIBIT 3



André E. Jardini (State Bar No. 71335)
aej@kpclegal.com
K.L. Myles (State Bar No. 243272)
klm@kpclegal.com
KNAPP, PETERSEN & CLARKE
550 North Brand Boulevard, Suite 1500
Glendale, California 91203-1904
Telephone: (818) 547-5000
Facsimile: (818) 547-5329

Thomas W. Falvey, Esq.
LAW OFFICES OF THOMAS W. FALVEY
301 North Lake Avenue, Suite 800
Pasadena, CA 91101
Telephone: (626) 795-0205
Facsimile: (626) 795-3096

Attorneys for Plaintiff
PETER SILVA an individual, on behalf of himself and
all others similarly situated

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

APR 1 5 2010

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
AMBER LAFLEUR-CLAYTON

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| PETER SILVA, GUSTAVO GUZMAN, PAUL E. LASS, JR., JEFF S. McGILL, THOMAS R. MUNDY and STANLEY G. SETTLE, individual, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> GETRONICS NV and DOES 1 through 50, inclusive, <br><br> Defendants. | NO.   BC 368049 <br><br> Date:                          1/25/2010 <br> Time:                          8:30 a.m. <br> Dept:                                  36 <br><br> Judge:    The Hon. Gregory W. Alarcon <br> Date Action Filed:          3/19/2007 <br> Trial Date:                        None <br><br> SECOND SUPPLEMENTAL DECLARATION OF ANDRE E. JARDINI IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT |

I, ANDRÉ E. JARDINI, declare as follows:

1.      I am an attorney licensed to practice law in the State of California and a member of the firm of Knapp, Petersen & Clarke, attorneys for plaintiff, Ericka Brinson, on behalf of herself, and all others similarly situated.  The following facts are within my personal knowledge and if called as a witness, I could and would competently testify thereto.

KNAPP, PETERSEN & CLARKE

-1-

*Second Supplemental Declaration and Andre E. Jardini in Support of Motion for Final Approval of Class Settlement*

765462.1  08000/00839

2.    On March 19, 2007, plaintiff Peter Silva filed the original class action complaint against defendant Getronics NV in the California Superior Court, County of Los Angeles alleging Nonpayment of Wages - Violation of Labor Code Sections 204, 210, 226.7 and 512; and Unfair Business Practices.

3.    On May 2, 2007, plaintiff amended the complaint on May 2, 2007 by naming Getronics USA, Inc. as "Doe 1."

4.    On June 7, 2007, Defendant Getronics USA, Inc. filed its answer.

5.    On June 8, 2007, defendants attempted to remove the case to federal court, filing the notice of removal on June 11, 2007.  On September 17, 2007 the federal court granted plaintiff's motion to remand.

6.    The parties attended a fully briefed mediation before Mark Rudy on September 18, 2007 and later, another fully briefed mediation before Honorable Edward Panelli (retired) on August 19, 2008.

7.    On August 19, 2008, the parties reached a tentative settlement, and a notice of settlement was filed with this Court on August 22, 2008.

8.    On August 20, 2008, GUSA and GFS became CompuCom companies.

9.    On December 2, 2008, plaintiff filed a first amended complaint adding additional Named Plaintiffs Gustavo Guzman, Paul E. Lass, Jr., Jeff S. McGill, Thomas R. Mundy, and Stanley G. Settle, and naming Getronics Flexible Solutions, LLC as "Doe 2."

10.    As of January 1, 2009, GUSA ceased to exist as a corporate entity.

11.    On September 28, 2009, this Court entered an order preliminarily approving class settlement action.

12.    The class is comprised of current and former employees of defendants who worked in California as nonexempt employees from March 19, 2003 to the date of final court approval of the Class Action Settlement.

The Settlement Terms

13.    The parties reached a settlement after engaging in two fully briefed mediation sessions before mediators Mark Rudy and the Honorable Edward Panelli (retired).  At the

KNAPP,
PETERSEN
& CLARKE

-2-

conclusion of the mediation session before Mr. Rudy, Mr. Rudy proposed a mediator's compromise of $1,700.000. While the case did not settle at this point, this valuation of the case guided further settlement discussions. The parties conducted their negotiations at arm's length and always in an adversarial manner, despite a mutual desire to resolve this case.

14. The Settlement Agreement provides for a claims-made settlement subject to a 50% guaranteed payout of the "Net Settlement Amount." Defendants have agreed to a Maximum Settlement Amount of $1,550,000.

15. The "Net Settlement Amount" shall be calculated by deducting from the Maximum Settlement Amount reimbursement of $50,000 for all past, present and future attorneys' costs incurred by class counsel that are associated with the prosecution of this matter, a service award of $25,000 for Named Plaintiff Peter Silva, service awards of $10,000 each to Named Plaintiffs Gustavo Guzman, Paul E. Lass, Jr., Jeff S. McGill, Thomas R. Mundy and Stanley G. Settle, attorneys' fees of one-third of the Maximum Settlement Amount ($516,666.67) and $29,035.96 to the Rust Consulting, Inc. for administering the claims. Settlement Payment to the 204 Class Members who filed valid and timely claims will be calculated by the Claims Administrator and paid out of the Net Settlement Amount in accordance with the terms of the Settlement Agreement.

Issues and Investigation

16. The parties have conducted significant investigation of the facts and law during the prosecution of this case. Such discovery and investigations include: the propounding of written discovery by both sides; the production of documents by plaintiff; the production of documents by defendants; the production of data relevant to plaintiffs' claims; and the taking of numerous depositions.

17. There have been numerous conferences between representatives of the parties. Counsel for the parties have investigated the law as applied to the facts discovered regarding plaintiffs' allegations and the potential defenses thereto, and the damages claimed by plaintiffs. Plaintiffs' counsel has interviewed the class representatives extensively and

KNAPP,
PETERSEN
& CLARKE

-3-

as a result of the interviews, I am informed and believe that the class members were claiming a limited number of missed meal breaks a week and that not all of the class members were employed as field technicians.

18.    Both sides engaged in settlement negotiations taking into consideration the strengths and weaknesses of their respective positions.  The proposed settlement was reached after extensive bargaining and only after both sides had the opportunity to conduct investigations into the adequacy of the claims.

19.    The recent line of California Federal Court cases, including: *White v. Starbucks Corp.* 497 F. Supp.2d 1080 (N.D. Cal., 2007.), *Brown v. Federal Express Corp.,* 2008 WL 906517 (C.D. Cal., Feb. 26, 2008.) and *Kenny v. Supercuts, Inc.,* 2008 WL 2265194 (N.D. Cal., June 2, 2008.), and the recent appellate case of *Brinker Restaurant Corp. v. Superior Court,* 165 Cal.App.4th 25, (Cal.App. 4 Dist.,2008) decided July 22, 2008, (and now under review by the California Supreme Court) after the settlement was entered, might affect the ability to recover for meal breaks if defendants can successfully contend that it made meal breaks available to its employees.  Though plaintiffs and their counsel believe these cases are incorrectly decided and that California courts would follow the current California case on point, *Cicairos v. Summit Logistics, Inc.* (2005) 133 Cal.App.4th 949, 954, the current state of the law provided defendants additional argument. Accordingly, arriving at a settlement acceptable to both sides was challenging.  Defendants and defense counsel raised defenses and issues that were potentially problematic to plaintiffs' claims.  At mediation, defense counsel informed plaintiffs' counsel and we believed that defendants had signed declarations from other employees contradicting plaintiffs' claims and statistical analysis which undercut the strength of plaintiffs' claims.

Attorney's Fees

20.    As authorized in the settlement agreement, attorney's fees of $516,666.67 are sought for class counsel. Furthermore, the settlement agreement authorizes $50,000 for all past, present and future attorneys' costs. These sums comparable to attorney's costs and fees typically awarded in class action settlements.

KNAPP,
PETERSEN
& CLARKE

-4-

*Second Supplemental Declaration and Andre E. Jardini in Support of Motion for Final Approval of Class Settlement*

765462.1  08000/00839

21. My hourly rate has previously been approved by other courts as within the range of fees available in the legal marketplace of Southern California. For example, my rate was approved in *Foster v. Federal Express*, Case Number BC 282300, discussed more fully in paragraph 18, below. In *Foster*, filed September of 2002 and resolved in September of 2006, my rate was $395. My rate has increased in the ensuing years to and is currently $550.00. My rate is also supported by the Laffey index.

22. The fees and costs computed by class counsel are computed as follows:

| Name | Hours | Rate | Total |
|---|---|---|---|
| André E. Jardini | 145.00 | $550 | $79,750.00 |
| Hillary Goldberg | 39.20 | $375 | $14,700.00 |
| K.L. Myles | 61.20 | $275 | $16,830.00 |
| Total: | | | $111,280.00 |
| Thomas W. Falvey | 400 | $675 | $270,000.00 |
| J.D. Henderson | 210 | $350 | $72,648.83 |
| LODESTAR FEES | | | $453,928.83 |
| Costs | | | $22,584.41 |
| Grand Total: | | | $476,513.24 |

Exhibits

23. Attached hereto as exhibit A is the Stipulation and Settlement of Class Action.

24. Attached hereto as exhibit B is the Notice of Proposed Class Settlement and Fairness Hearing.

25. Attached hereto as exhibit C is the Claim Form.

26. Attached hereto as exhibit D is the Order in the case of *Paige v. Consumer Programs, Inc.*, U.S.D.C., Central District, Case No. 2:07-CV-02498-FMC (RCx), dated January 7, 2009, denying in Part Plaintiffs' Amended Motion for Class Certification and Order Staying Action Pending California Supreme Court Ruling on Meal and Rest Break Issues.

KNAPP,
PETERSEN
& CLARKE

-5-

27.   Attached as exhibit E is the court's opinion in *Watson-Smith v. Spherion Pacific Workforce, LLC,* 2008 WL 5221084 (N.D. Cal., December 12, 2008.)

28.   Attached as exhibit F is the Court's Order Granting Preliminary Approval of Class Action Settlement.

29.   Attached as exhibit G is the supplemental declaration of Peter Silva in support of motion for final approval of class action settlement.

30.   Attached as exhibit H is the supplemental declaration of Stanley Settle in support of motion for final approval of class action settlement.

31.   Attached as exhibit I is the supplemental declaration of Tom Mundy in support of motion for final approval of class action settlement.

32.   Attached as exhibit J is the supplemental declaration of Jeff McGill in support of motion for final approval of class action settlement.

33.   Attached as exhibit K is the supplemental declaration of Paul Lass in support of motion for final approval of class action settlement.

Qualifications

34.   Class Counsel, Knapp, Petersen & Clarke, is experienced in handling wage and hour class actions, and other class actions. Knapp, Petersen & Clark is currently handling 45 wage and hour class actions.  Resolved class actions include: *Bacon v. County of Los Angeles*; Case Number BS058574; *Watkins v. Wachovia*; Case Number BC290892; *Schneider v. First Union*, Case Number BC282338, and *Clark v. First Union*, Case Number BC281734; *Cazares v. Pacific Shore* and *Cazares v. Household Finance*, Case Numbers CV04-2548 DSF (SSx) and CV 04-6887 DSF (SSx); *Banks v. GMAC*, Case No. CV 04-02477 LGB (AJWx); *Foster v. Federal Express*, Case Number BC 282300; *Robertson v. Novastar, Inc.*, Case Number BC 319295.

35.   I have practiced law, principally as a litigation attorney, in California, since 1976. I have a Bachelor of Arts degree from the University of Notre Dame, granted in 1973. I graduated from Hastings College of Law in 1976. I have also been admitted to practice before the United States District Court for the Central District of California, as well

KNAPP,
PETERSEN
& CLARKE

-6-

as in the Southern District, Northern District, and Eastern District. I am admitted to practice and have appeared before the Ninth Circuit Court of Appeal.

36. I served as a law clerk to the Honorable Robert Firth of the United States District Court, Central District of California, in 1977 and 1978. My first experience in class action litigation was during that period concerning litigation and settlement of a number of important class actions pending before Judge Firth.

37. Immediately following my clerkship, I served as one of the handling attorneys in connection with the class action lawsuit of *Sullivan v. State Farm Mutual Automobile Ins. Co.*, pending in Superior Court in San Diego. That suit revolved around allegations that my client, State Farm, had systematically defrauded policyholders by insisting upon reimbursement of medical payments by provisions which were inserted, without notice, in later-acquired insurance policies.

38. My work on the *Sullivan* case continued during the initial years of my employment at Knapp, Petersen & Clarke.

39. I have been employed at Knapp, Petersen & Clarke since its inception as a law firm in 1981. My practice consists predominately of trial work. I have tried more than 50 jury trials to conclusion during my tenure with the firm. I am a member of the American Board of Trial Advocates, having achieved "Advocate" status. Membership in ABOTA requires substantial trial experience. Advocate status requires completion of 50 jury trials or the equivalent. (Attached as exhibit L is a partial listing of my trial experience from 1986 to the present.)

40. I was counsel for the certified plaintiff class of approximately 13,000 current and former employees of Federal Express in the case known as *Foster v. FedEx*, settled in the Superior Court of the State of California for the County of Los Angeles and bearing number BC282300. FedEx courier and service agent employees had been systematically deprived of earned compensation. The action was settled for $30 million.

41. I am currently counsel for plaintiffs (or have recently settled) a number of other class action proceedings. A property tax reassessment class action is currently

KNAPP,
PETERSEN
& CLARKE

-7-

pending against assessment practices in Los Angeles County. Other class actions involve matters against APT Ambulance Company, Corinthian Schools, American Airlines, Allstate Cellular, Sabatino/Day, Verizon, Federal Express, ABM Security Services, CPI, Inc., T-Mobile, Fannie Mae, Hyatt and CVS.

42. I also successfully negotiated a settlement in a class action entitled, *Robertson v. Novastar Mortgage, Inc. and Novastar Home Mortgage, Inc.*, Case No. CV 04-084444-NM (CTx) pending in the United States District Court for the Central District of California.

43. The foregoing are all matters that are personally being handled by myself. Among my partners at the firm, 45 class action proceedings are currently pending, many have been certified. It is fair to conclude that Knapp, Petersen & Clarke has substantial credible experience in class action litigation in both state and federal courts.

44. I also have substantial experience in employment litigation and wage-and-hour litigation. Among the cases I have tried, two involve the appropriate exemption status of an employee, one case for the employer and one case for the employee. Also, I concluded a settlement for our client who was the subject of race discrimination at the hands of a life insurance company for payment of $2,500,000.

45. As a mid-sized law firm, with a number of attorneys and support staff experienced in employment law, including wage and hour cases, Knapp, Petersen & Clarke was able to commit sufficient resources to handle this case.

Executed this 13th day of April, 2010, at Glendale, California.

/s/ André E. Jardini
ANDRÉ E. JARDINI

KNAPP,
PETERSEN
& CLARKE

-8-

765462.1 08000/00839