# EXHIBIT 4

André E. Jardini (State Bar No. 71335)
aej@kpclegal.com
KNAPP, PETERSEN & CLARKE
550 North Brand Boulevard, Suite 1500
Glendale, California 91203-1922
Telephone: (818) 547-5000
Facsimile: (818) 547-5329

Joseph S. Farzam (State Bar No. 210817)
farzam@lawyer.com
JOSEPH FARZAM LAW FIRM
1875 Century Park East, Suite 1345
Los Angeles, CA 90067
Telephone: (310) 226-6890
Facsimile: (310) 226-6891

Attorneys for Plaintiff
BALTAZAR A. RAFALES,
individually and on behalf of all other similarly
situated seafarers and as private attorney general

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| BALTAZAR A. RAFALES, individually and on behalf of all other similarly situated seafarers and as private attorney general, Plaintiff, v. M/S EURODAM, et al., Defendants. | NO. CV 10-4845 AHM (AJWx)<br><br>Date: 8/29/2011<br>Time: 10:00 a.m.<br>Ctrm: 14<br><br>Judge: The Hon. A. Howard Matz<br><br>IN ADMIRALTY<br><br>DECLARATION OF ANDRÉ E. JARDINI IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND INCENTIVE AWARD FOR THE CLASS REPRESENTATIVES |
|---|---|

DECLARATION OF ANDRÉ E. JARDINI

I, André E. Jardini, declare as follows:

1.      I am an attorney licensed to practice law in the State of California and admitted to practice in this court. I am a member of the law firm of Knapp, Petersen &

-1-

1272008.1  08000/00918

Clarke, co-counsel of record for plaintiff herein. The following facts are within my personal knowledge, and if called as a witness, I could and would competently testify thereto.

2. I have conducted significant investigation and analysis concerning the facts presented, choice of law issues, class certification, liability exposure and other issues relevant to this case.

3. My involvement has included review of pertinent documents, legal research and factual investigation, evaluation and implementation of strategy, conferring with local counsel in foreign jurisdictions, consulting with and retaining prominent experts, and mediation and settlement of the case.

4. Issues in this case have been hotly debated and communications between counsel have at all times been adversarial.

5. With the help of Sanford Gage, an experienced mediator, the parties engaged in extensive settlement discussions which continued telephonically following the mediation, and resumed following this Court's January 7, 2011, order at the *Priyanto* hearing on preliminary approval, resulting in the Amended Settlement Agreement now before the Court.

6. Settlement discussions in the instant matter commenced only after the counsel for the parties reached a settlement in *Priyanto*, determining that it was then appropriate to discuss resolution of this matter as all the parties were present and were fully informed regarding settlement value, having compared and contrasted the relative strengths and weaknesses of the facts and issues presented in both cases. Moreover, because the same counsel were involved, Class Counsel had the unique benefit of knowledge, discovery and bargaining power derived from participation in related actions against HAL.

7. I conducted a thorough analysis of the strengths and weaknesses of Plaintiffs' claims and their likelihood of success in light of HAL's defenses. My analysis included arriving at an appropriate settlement value at which class members would be fairly and reasonably compensated for HAL's wrongful wage deductions.

KNAPP,
PETERSEN
& CLARKE

-2-

1272008.1  08000/00918

8. I believed at mediation, and believe now, that there were and are class-based issues which are ripe for recovery. A timely remedy, short of full-blown litigation in multiple jurisdictions, was considered.

9. Ultimately, we accomplished a very good result for the class, a $2,000,000.00 settlement. The settlement amount fairly considers the procedural posture of the case and the risk of loss at trial. I balanced the terms of the proposed settlement, including both the settlement amount and the benefits conferred to the class by the settlement, against the probability of obtaining class certification, probable outcome of liability and the range of recovery issues at trial. The risks of trial and other normal perils of litigation, including the affirmative defenses asserted by HAL, difficulties of complex litigation, including potential obstacles presented to class certification, the lengthy process of establishing class damages, and various possible delays and appeals were also carefully considered in agreeing to the proposed settlement. While I believe that this case is meritorious and could have obtained class certification, given the uncertain nature of litigation and trial, there exists potential that any recovery would have been reduced or eliminated altogether.

**Qualifications of André E. Jardini and Knapp, Petersen & Clarke As Class Counsel**

10. I have practiced law, principally as a litigation attorney, in California, since 1976. I have a bachelor of arts degree from the University of Notre Dame, granted in 1973. I graduated from Hastings College of Law in 1976. I am admitted to practice before the United States District Court for the Central District of California, as well as in the Southern District, Northern District, and Eastern District. I am admitted to practice and have appeared before the Ninth Circuit Court of Appeals.

11. I served as a law clerk to the Honorable Robert Firth of the United States District Court, Central District of California, in 1977 and 1978. My first experience in class action litigation was during that period concerning litigation and settlement of a number of important class actions pending before Judge Firth. I also worked on maritime matters during my clerkship.

////

KNAPP,
PETERSEN
& CLARKE

-3-

1272008.1  08000/00918

12. My experience with class action litigation continued immediately in my first employment after my clerkship. I was one of the handling attorneys in the case of *Sullivan v. State Farm Mutual Automobile Ins. Co.,* pending in Superior Court in San Diego, alleging that my client, State Farm, had systematically defrauded policyholders by insisting upon reimbursement of medical payments by provisions which were inserted, without notice, in later-acquired insurance policies.

13. My work on the *Sullivan* case continued during the initial years of my employment at Knapp, Petersen & Clarke.

14. I have been employed at Knapp, Petersen & Clarke since its inception as a law firm in 1981. My practice consists predominately of trial work. I have tried more than 50 jury trials to conclusion during my tenure with the firm. I am a member of the American Board of Trial Advocates, a membership which requires substantial trial experience. I have achieved "Advocate" status, which requires the completion of 50 jury trials or the equivalent. (Attached hereto as exhibit A is a listing of my trial experience from 1986 to present.)

15. I was counsel for the certified plaintiff class of approximately 13,000 current and former employees of Federal Express in the case known as *Foster v. FedEx*, settled in the Superior Court of the State of California for the County of Los Angeles and bearing number BC282300. Fed Ex's courier and service agent employees had been systematically deprived of earned compensation. That action was settled for $30 million. Fees of $9 million were awarded by the Court, 30% of the total settlement amount and a four times multiplier on the lodestar (rate times hours) incurred by Class Counsel.

16. I am currently counsel for plaintiffs (or have recently settled) a number of other class action proceedings. A property tax reassessment class actions is currently pending against assessment practices in Los Angeles County. The amount at issue as determined by a KPMG audit paid by the County exceeds $40 million. Other class actions involve matters against Best Buy, APT Ambulance Company, Verizon, Federal Express, ABM Security Services, AT&T, CPI, Inc., CVS Pharmacies, RadioShack, Blue Cross and

KNAPP,
PETERSEN
& CLARKE

-4-

1272008.1  08000/00918

Getronics.

17.    I was appointed as class counsel and found to be adequate class counsel by this Court on October 8, 2008, in the case of *Kamar v. RadioShack Corporation*, 254 F.R.D. 387, 397, pending in this Court.

18.    I have been appointed co-lead counsel in the *Verizon Wireless Consolidated Cases*, case no. BC 369372, currently pending before the Hon. William Highberger in Los Angeles Superior Court.

19.    I also successfully negotiated a settlement in a wage and hour class action entitled, *Robertson v. Novastar Mortgage, Inc. and Novastar Home Mortgage, Inc.,* Case No. CV 04-084444 NM (Ctx) pending in the United States District Court for the Central District of California.

20.    Class settlements were approved in 2010 in the wage and hour class action cases against each of CVS Pharmacies and Getronics in Los Angeles Superior Court.

21.    The foregoing are all matters that are personally being handled by myself. Among my partners at the firm, a number of other class action proceedings are currently pending.  In recent years, the firm has handled at least 45 class action cases.  It is fair to conclude that Knapp, Petersen & Clarke has substantial credible experience in class action litigation in both state and federal courts.

22.    I also have substantial experience in employment litigation and wage and hour litigation.  Among the cases I have tried to a jury, two involve the appropriate exemption status of an employee, one case for the employer and one case for the employee. Also, I concluded a settlement for our client who was the subject of race discrimination at the hands of a life insurance company for payment of $2,500,000.  My most recent jury trial involved a suit for wrongful termination based on retaliation for whistle blowing.

23.    As a mid-sized law firm, with a number of attorneys and support staff experienced in employment law, including wage and hour class action cases, Knapp, Petersen & Clarke has been able to commit sufficient resources to appropriately evaluate this matter.

**KNAPP,**
**PETERSEN**
**& CLARKE**

-5-

1272008.1  08000/00918

24. With the assistance of our maritime law expert, as well as the foreign legal experts that have been retained, I believe the issues in the case have been fairly evaluated.

25. Based on my significant experience relating to legal audit matters and our firm' belief that there was a need for such a service in the legal community, in October of 1991, Knapp, Petersen & Clarke established KPC Legal Audit Services, Inc. I am the founder and the President of that company.

26. KPC Legal Audit Services, Inc. is a dba of Knapp, Petersen & Clarke. The company specializes in the review and audit of legal billings and consulting on legal cost containment.

27. KPC Legal Audit has reviewed billing relating to a wide variety of different types of litigation as well as insurance coverage issues, commercial law matters, real estate matters, transactional matters and corporate legal work.

28. I have testified as an expert witness in more than 50 superior court matters regarding reasonableness of legal fees, both on behalf of the proponent of such fees and on behalf of the opposing party.

**Class Enhancement Awards and Class Counsel Fee Award**

29. The Class Representatives have devoted significant time and effort, and at great personal and professional risk, to advancing claims on behalf of themselves and the putative class. Each Class Representative has been actively involved in their case, assisting in investigation, preparing declarations and consulting with Class Counsel regarding the terms of the settlement. (Declarations of Rafales and De la Pena are attached hereto as exhibits B and C.)

30. Plaintiffs seek a total award of $15,000 to the Class Representatives. This payment will compensate the Representative Plaintiffs for the time, effort, and risk they undertook as Class Representatives in pursuing this suit against HAL. (Amended Settlement Agreement § 2.01(a).)

31. Knapp, Petersen & Clarke has maintained records during the course of this case concerning the amount of time spent by the firm as well as the costs incurred. The

KNAPP,
PETERSEN
& CLARKE

-6-

1272008.1 08000/00918

following table lists the Knapp, Petersen & Clarke personnel whose work on the case is included in the lodestar figure, as well as the work of Joseph Farzam, who has advised me of his hours.

| Name | Total Hours | Hourly Rate | Total Lodestar |
|---|---|---|---|
| **PARTNERS** | | | |
| Andre E. Jardini (35-year attorney) | 95 | $675 | $64,125 |
| Joseph S. Farzam (10-year attorney) | 1160 | $450 | $522,000 |
| Gwen Freeman (29-year attorney) | 2.4 | $500 | $1,200 |
| **NON-PARTNER ATTORNEYS** | | | |
| Hilary Goldberg (7-8 year attorney) | 80 | $400 | $32,000 |
| K.L. Myles (5 year attorney) | 5 | $350 | $1,750 |
| **PROFESSIONAL SUPPORT STAFF** | | | |
| Paralegal & Law Clerks | 400 | $150 | $60,000 |
| **TOTAL LODESTAR:** | | | $681,075 |

32. Knapp, Petersen & Clarke ("KPC") and Farzam have agreed from the outset of KPC's involvement in this matter that any amount awarded as fees would be divided one-third to KPC and two-thirds to Farzam, after payment of all expenses, should the matter be settled. If the case were to have gone to trial, the division was agreed to be 50/50, after all expenses.

////

KNAPP,
PETERSEN
& CLARKE

-7-

1272008.1  08000/00918

33. By accepting this case on a contingent fee basis, Class Counsel was precluded from undertaking other matters. In that regard, Class Counsel would not have accepted the retention of this case, but for the opportunity to earn a reasonable percentage of the settlement fund or lodestar multiplier on our time. Class Counsel believes that the fees requested herein are reasonable and warranted due to the risks Class Counsel ran in prosecuting this case and the employment opportunities they gave up as a result.

34. Additional expenses were incurred as a result of litigating this and related matters in other jurisdictions. The fact that Class Counsel demonstrated a willingness and ability to prosecute these complex matters in the forums necessary to achieve a just result for the Settlement Class, despite the fact that *in rem* jurisdictional requirements would necessitate traveling to foreign jurisdictions, undoubtedly was a factor in encouraging HAL to the negotiating table. The risks and expenses undertaken by Class Counsel in filing the additional actions on behalf of other Filipino Seafarers, and the real risk faced by HAL of defending those actions, added valuable leverage to the negotiations and ultimately resulted in the recovery for the class.

35. Attached hereto as exhibit D is the Laffey Matrix publicly availably at www.laffeymatrix.com. The fees requested by counsel herein are consistent with the Laffey Matrix, a methodology of calculation and benchmarking for legal fees. For instance, the Laffey Matrix guides that an attorney with 20+ years of experience may charge $709/hour. As a 35 year attorney specializing in class actions, my requested rate of $675 is reasonable.

////

////

////

////

////

////

////

KNAPP,
PETERSEN
& CLARKE

-8-

1272008.1   08000/00918

36. Attached hereto as exhibit E is the National Law Journal Survey of attorney rates. This publication provides information regarding attorney billing rates. The Survey further supports the attorneys' fees requested in this case.

Executed on this 13th day of May, 2011, at Glendale, California.

I declare under penalty of perjury that the foregoing is true and correct.

/s/ André E. Jardini
ANDRÉ E. JARDINI

KNAPP,
PETERSEN
& CLARKE

-9-

1272008.1  08000/00918