# EXHIBIT 8

# GIG KYRIACOU
Mediator
## KYRIACOU MEDIATION

---

246 North Pass Avenue • Burbank, CA 91505
Telephone 818-861-7100 • Fax 818-861-7102
E-mail gigk@mediate.com • Web www.gigkmediate.com

## MEDIATION/CONFIDENTIALITY AGREEMENT

The undersigned agree to participate in a voluntary mediation conducted by Gig Kyriacou (the "Mediator"), in an attempt to reach a settlement of a controversy concerning
**Samson v. Wells Fargo Bank National Association**
The undersigned participants acknowledge, understand and agree to the following:

1. **Role of Mediator:**   The Mediator is an impartial, neutral intermediary, whose role is to assist the participants in reaching a settlement by negotiation between or amongst themselves.  The Mediator cannot impose a settlement but will assist the participants towards achieving their own settlement.  The Mediator does not act as an attorney or advocate for or give legal, tax or other professional advice to any participant.  In this regard, no professional-client or fiduciary relationship is created between any participant and the Mediator.

2. **Attorney Consultation:**   The participants acknowledge that they are free to consult an attorney at any time during the mediation process.  In the event the dispute is settled, the participants should have the settlement agreement independently reviewed by their own counsel prior to signing it.

3. **Applicable Statutes/Confidentiality:**   The mediation is conducted pursuant to California Rules of Court Rules 1630 et seq., California Evidence Code §§703.5, 1115-1128, 1152 and other sections or successor sections of the California Evidence Code and any Federal law counterparts, if applicable, governing, among other things, the confidentiality of mediation proceedings.  The Mediator may not testify in any proceedings pursuant to these statutes and the participants shall not seek to have the Mediator testify.

Subject to certain limited exceptions set forth in the Evidence Code and case law, statements made during the mediation are confidential and are not admissible in any subsequent proceeding. However, written agreements reached by the participants in the course of the mediation may, under certain circumstances, be admissible in a subsequent proceeding.  Unless any oral agreements reached by the parties satisfy the conditions for admissibility under the Evidence Code, no such statements shall be admissible or enforceable in any subsequent proceeding.

In order to promote continuing settlement discussion, post-mediation communications between the Mediator and any participant related to the mediation shall be confidential.  All participants agree to waive the provisions of Evidence Code §1125(a)(5) which provides that a mediation ends when there is no communication between the mediator and any of the participants to the mediation relating to the dispute for a period of ten (10) calendar days. Further, the participants agree that the Mediator may consult with colleagues about this matter and may describe this matter to colleagues (attorneys and mediators) for informational, promotional or educational purposes so long as the Mediator does not disclose the participants' names or any other information which would specifically identify the participants.

4.    **Limited Liability, Release and Indemnification:**   The participants hereby agree to release the Mediator from any and all claims arising out of their failure to reach agreement or their decision to enter into any agreement or any other aspect of the mediation process.  Further, the Mediator makes no representation that the participants will reach an agreement on any of the issues, disputes or controversies discussed in the mediation.  Any participant who brings any claim, action or proceeding of any nature against the Mediator or who seeks to have the Mediator testify shall be responsible to indemnify the Mediator for any expenses, loss or damage incurred, including, without limitation, attorney's fees and expenses incurred in connection with such claim, action or proceeding brought by such participant.

5.    **Mediator Compensation:**   The parties and counsel agree to pay mediator his flat rate of $10,800.00 for a full day session.  The flat rate includes the review of briefs, exhibits and 10 hours of the mediator's time spent toward the resolution of the controversy on the day of mediation.  Follow up communications and negotiations (beyond 10 hours on the day of the mediation or on subsequent days), site visits, travel (one way), etc., together with actual, out-of-pocket costs are billed separately at the rate of $1,000.00 per hour.  Unless modified by agreement of the parties and the mediator, each party shall bear his/her prorated share of the applicable fees.  The parties and their counsel are jointly and severally liable for the payment of their respective share of the mediation fees and costs.

6.    **Potential Conflicts of Interest:**   The Mediator is unaware of any actual or potential conflicts of interest which would amount to grounds for disqualification in accordance with California Code of Civil Procedure §170.1 (applicable to judges and by reference to mediators) except for the following which have been disclosed to the participants:

_____

_____

_____

To the extent any actual or potential conflicts of interest exist, the mediator does not believe same will affect his capacity to be impartial. By signing this Agreement, the participants expressly waive the conflicts and potential conflicts disclosed above.  If any participant believes that the Mediator is not impartial, said participant should immediately terminate his/her involvement in the mediation.

Dated: December 27, 2019

**Mediator:**    Gig Kyriacou

**Counsel and Parties:  Print Name**          **Signature**

Gregg Fisch          Gregg A. Fisch

Stender Sweeney

Wayne Smith

Patricia Samson          P Samson

Victor George          Victor George