UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-4839-GW-AGRx | Date | April 27, 2021 |
|---|---|---|---|
| Title | *Patricia Anne T. Samson v. Wells Fargo Bank, N.A.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:** IN CHAMBERS - FINAL RULING ON PLAINTIFF'S MOTION FOR ATTORNEYS' FEES [117]

Attached hereto is the Court's Final Ruling. The Motion is GRANTED.

:

Initials of Preparer    JG

*Patricia Samson v. Wells Fargo Bank, N.A.*; Case No. 2:16-cv-04839-GW-(AGRx)
Final Ruling on Plaintiff's Supplemental Brief re: Motion for Attorney Fees

I.  **Background**

At the end of 2014, Patricia Samson took a one-month medical leave of absence from her job. When she returned to work, she learned that her position had been eliminated. Samson sued her employer, defendant Wells Fargo Bank, N.A., for discrimination and retaliation. Plaintiff Samson asserted four causes of action against Wells Fargo: (1) discrimination in violation of California's Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code §§ 12900 *et seq.*, based upon (a) physical disability, (b) age, (c) gender, and (d) national origin; (2) wrongful termination in violation of public policy; (3) retaliation in violation of public policy; and (4) failure to accommodate. *See generally* Compl., ECF No. 1-1. Judge Beverly Reid O'Connor, before whom this lawsuit was originally conducted, granted summary judgment for Wells Fargo on all claims but was reversed by the Ninth Circuit Court of Appeals. *See* ECF No. 38.

By the time her case went to trial, Plaintiff was only proceeding on two causes of action: (1) discrimination solely based on her disability and (2) retaliation for taking a medical leave of absence. *See* ECF No. 178 at 4. The jury found against Plaintiff as to her disability discrimination claim, finding that Defendant did not know that Plaintiff had a physical condition that limited her ability to work when it decided to eliminate her position. *See* Redacted Special Verdict Form ("Verdict"), ECF No. 105. The jury found in favor of Plaintiff on her retaliation claim and awarded her $50,000 in past economic damages and $50,000 in past mental suffering/emotional distress. *Id*. The jury also awarded Plaintiff $400,000 in punitive damages. *Id.*

Plaintiff Samson initially moved for attorney's fees and costs ("Fees Motion," *see* ECF No. 117) which the Defendant opposed (*see* ECF No. 125). The Fees Motion was shelved (*see* ECF No. 136) while the Court handled Defendant's renewed motion for judgment as a matter of law ("JMOL"), which was limited to the award of punitive damages. This Court granted Defendant's renewed JMOL, finding that there was not substantial evidence as to the required culpability or officer/director/managing agent status under Cal. Civ. Code § 3294(b). *See* ECF No. 178.

The Fees Motion was placed back on the calendar with the parties being allowed to file additional briefs. *See* ECF No. 175. After briefing, the Court issued a tentative ruling awarding trial counsel for Plaintiff, the Law Offices of Victor L. George ("LOVG"), attorney's fees totaling

1

$483,350 for the work up to the conclusion of trial and $30,313.75 for the work on the renewed JMOL. *See* Tentative Ruling on Plaintiff's Motion for Attorney's Fees ("Tentative"), ECF No. 188, at 6. In calculating the attorney's fees, the Court chose to apply a "negative" multiplier of 0.8 for the work of LOVG up to the conclusion of the trial and a "negative" multiplier of 0.5 for the work on the renewed JMOL to reflect the lack of success. *Id.* at 6-7.

The Court chose to withhold granting the requested attorney's fees for appellate counsel Esner, Chang and Boyer ("ECB") due to several inconsistencies and errors in Plaintiff's submissions. The Court allowed Plaintiff's counsel to provide clarification regarding the errors ("Supp.," *see* ECF No. 189), and Defendant responded ("Resp.," *see* ECF No. 191). The Court now addresses Plaintiff's remaining request for attorney's fees for appellate counsel ECB.

## II. Legal Standard

In an FEHA action, California Gov't Code § 12965 provides that the court, "in its discretion may award to the prevailing party reasonable attorney's fees and costs." Cal. Gov't Code § 12965(b); s*ee Beaty v. BET Holdings, Inc.*, 222 F.3d 607, 609 (9th Cir. 2000). While a prevailing defendant must show that a plaintiff's action was "frivolous, unreasonable, or without foundation," a prevailing plaintiff "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Christiansburg Garment Co. v. Equal Employment Opportunity Commission*, 434 U.S. 412, 421, (1978)[1]

Before awarding attorney's fees to the prevailing party, the court must find that the fee award is reasonable. *Weeks v. Baker & McKenzie*, 63 Cal. App. 4th 1128, 1173 (1998) ("[T]he ultimate goal in California, as under federal law, still is to determine a 'reasonable' attorney fee"). To determine the reasonable amount of attorney fees under Section 12965, the "lodestar" adjustment method is used. *Chavez v. City of Los Angeles*, 47 Cal. 4th 970, 985 (2010). The trial court must determine a touchstone or lodestar figure based on a "careful compilation of the time spent" by each attorney multiplied by the "reasonable hourly compensation" for each attorney before adjusting upward or downward based on several factors. *Id.* In setting a reasonable fee, the court aims to discourage "unnecessary litigation of claims that serve no public purpose either because they have no broad public impact or because they are factually or legally weak." *Weeks*,

---

[1] "Due to the symmetry between California and federal antidiscrimination statutes, California courts have adopted the methods and principles developed by federal courts in employment discrimination claims arising under the federal Civil Rights Act." *Bond v. Pulsar Video Prods.*, 50 Cal. App. 4th 918, 921, 57 Cal. Rptr. 2d 917 (1996) (applying *Christianburg* to an FEHA case).

63 Cal. App. 4th at 1173. Like in federal law, a "crucial factor" in determining attorney fees under the FEHA is "the extent of plaintiff's success." *Chavez*, 47 Cal. 4th at 989-990 ("[U]nder state law as well as federal law, a reduced fee award is appropriate when a claimant achieves only limited success").

### III. Discussion

Plaintiff seeks attorney's fees in the sum of $215,940 for appellate counsel ECB. The fees stem from ECB's handling of the summary judgment appeal and the renewed JMOL. Plaintiff submits the following lodestar calculations for the appeal of summary judgment:

| Attorney | Time Spent | Hourly Rate | Total |
|---|---|---|---|
| Stuart Esner | 11.5 | $700 | $8,050 |
| Holly Boyer | 17 | $700 | $11,900 |
| Steffi Jose | 67 | $450 | $30,150 |
| | 95.5 | | $50,100 |

Plaintiff submits the following lodestar calculations for work on the renewed JMOL:

| Attorney | Time Spent | Hourly Rate | Total |
|---|---|---|---|
| Stuart Esner | 26.9 | $700 | $18,830 |
| Andrew Chang | 126.7 | $700 | $88,690 |
| Kevin Nguyen | 129.6 | $450 | $58,320 |
| | 283.2 | | $165,840 |

*See* Supp. at 1.

Defendant counters that Plaintiff waived her right to seek attorney's fees for the summary judgment appellate work by not seeking them in her original motion due fourteen days after the entry of judgment. *See* Resp. at 4. If not waived, Defendant argues that ECB should receive the hourly rates that they actually charged LOVG as evidenced by the receipts initially submitted with Plaintiff's bill of costs, which indicates an hourly rate of $350 for partners and $250 for associates. *See id.* at 5; ECF No. 118-1 at 93-106. Regarding the work on the renewed JMOL, Defendant argues that it was unreasonable to recruit appellate specialists who were absent from trial to work on the renewed JMOL. Defendant argues that ECB expended an unreasonable number of hours on the renewed JMOL and fees should be withheld completely. *See* Resp. at 7-10. The Court addresses the Defendant's arguments in turn.

3

First, the Court finds that Plaintiff did not waive her right to seek attorney's fees for ECB for their summary judgment appellate work. Although Plaintiff failed to properly include the request for ECB's fees with her original motion, Plaintiff included ECB's fees in her bill of costs. *See* ECF No. 117, 118. Defendant objected to the improper inclusion of appellate counsel fees into the bill of costs, and the clerk sustained those objections. *See* ECF No. 125, 168. Plaintiff then included the information needed to perform the lodestar calculation for appellate counsel ECB once the Fees Motion was placed back on the calendar. *See* ECF No. 181. Defendant does not appear to have suffered any prejudice because of Plaintiff's mistake, and the Court does not wish to deny statutorily provided attorney's fees for a harmless error.

Second, Defendant argues that ECB should receive the hourly rates they actually charged LOVG as evidenced in the receipts included in the bill of costs. *See* ECF No. 118-1 at 93-106. Those receipts indicate that ECB charged LOVG a partner rate of $350 an hour and an associate rate of $250 an hour, and the total sum ECB charged for the motion summary judgment/appellate work was $27,520.07. *See id.* In the latest round of supplemental briefing, Plaintiff submits that the receipts reflect an "under-market, negotiated rate" for the appeal, and that there was an understanding that ECB would ask for its market rate ($700 per hour for partners and $450 per hour for associates) on a motion for attorney's fees if Plaintiff prevailed at trial. *See* Supp. at 3; Declaration of Andrew N. Chang ("Chang Decl."), ECF No. 189-2, ¶ 4.

The Court agrees with Defendant that the originally provided ECB receipts reflect the market rate that ECB and LOVG had agreed upon for the appellate work. Resp. at 6. The Court finds it difficult to square Plaintiff's latest explanation, that ECB and LOVG negotiated an under-market rate knowing they could receive their market rate on a motion for attorney's fees, with Plaintiff's failure to wholly include ECB's fees in her original motion for attorney's fees, mistakenly including them in the bill of costs with the under-market rate. *See* ECF No. 117, 118. The Court finds that the more likely explanation is the receipts reflect the actual market rate for the appellate work that ECB provided, and the work was not undertaken under some kind of contingency. The Court will thus apply a partner rate of $350 an hour and an associate rate of $250 an hour for the motion for summary judgment appellate work.

Finally, Defendants argue that ECB expended an unreasonable amount of time fighting the renewed JMOL. The Court again tends to agree with Defendants and finds it somewhat unusual that appellate specialists were brought in to argue a renewed JMOL before the trial court. The

4

ECB attorneys were absent from trial and had to spend a sizable amount of time familiarizing themselves with the record for the renewed JMOL. *See* Supp. at 4; Chang Decl. ¶¶ 6-7. Thus, there are concerns with inefficiency. However, it is difficult to place a precise number or percentage to take into account that inefficiency. Thus, in choosing to apply a partner rate of $350 an hour an associate rate of $250 an hour for the renewed JMOL work, the Court also takes into account the inefficiency element. In addition. Consistent with the previous tentative order on attorney fees, the Court also applied a negative multiplier of 0.5 for attorney's fees related to the renewed JMOL to account for the lack of success. *See* Tentative at 7. The Court chooses to also apply the same 0.5 multiplier here.

In summary, the updated lodestar calculations for appellate counsel ECB for appealing the summary judgment are as follows:

| Attorney | Time Spent | Hourly Rate | Total |
|---|---|---|---|
| Stuart Esner | 11.5 | $350 | $4,025 |
| Holly Boyer | 17 | $350 | $5,950 |
| Steffi Jose | 67 | $250 | $16,750 |
| | 95.5 | | $26,725 |

The updated lodestar calculations for the renewed JMOL are as follows:

| Attorney | Time Spent | Hourly Rate | Total |
|---|---|---|---|
| Stuart Esner | 26.9 | $350 | $9,415 |
| Andrew Chang | 126.7 | $350 | $44,345 |
| Kevin Nguyen | 129.6 | $250 | $32,400 |
| | 283.2 | | $86,160 |
| | | 0.5 Multiplier | $43,080 |

IV. Conclusion

In summation, the Court **GRANTS** additional attorney's fees in the total of **$26,725** for the work of ECB on appealing the summary judgment and **$43,080** for the work of ECB on the renewed JMOL. This is in addition to the **$513,663.75** already awarded to LOVG in the previous order addressing attorney's fees.